# THE STATE *vs.* MOORE.

The statute of additions, 1 *Hen.* 5, *ch.* 5, is a part of the common law of this state.

If a respondent in an indictment be described as of A, it will be sufficient if the evidence prove him to be *conversant*, that is, employed or engaged in A, although his family reside in another place.

The respondent was described as of Somersworth, where he kept a store, and attended to his business in business hours, but he lived with his family in Berwick, in the state of Maine.—*Held*, that he was properly described in the indictment as of Somersworth.

The State *v.* Moore.

It is unnecessary to prove the whole of the property stated in an indictment, if, by the rejection of the part not proved, the offence would be complete.

Upon an indictment for the sale of one *pint* of rum, it is sufficient to prove that the respondent sold one *quart* of rum.

The license law of July 4th, 1838, is constitutional.

*Semble,* that the license mentioned in the license law of July 4th, 1838, for the sale of spirituous liquors, must be in writing.

INDICTMENT, found at the January term, 1843.

The first count charged that the defendant, " of Somersworth, in the county of Strafford, trader, on the fourth day of January, A. D. 1843, at Somersworth in said county, did unlawfully and without a license from the selectmen of the town of Somersworth aforesaid, the same being the town where the said John Moore then resided, sell to one Levi Hoit one *pint* of rum," *contra formam,* &c.

The second count was like the first, except that the offence charged was the selling *one quart* of rum on the same day, without a license *in writing.*

The defendant admitted that he had no license from the selectmen of Somersworth. Levi Hoit testified, that some time before the session of the court at Dover, in January last, the precise day he did not recollect, he bought of the defendant one *quart* of rum at his store in Somersworth ; that the defendant lived with his family in Berwick, in the state of Maine, but kept a store in Somersworth, and attended to his business there in business hours, and that he did not recollect that he ever bought of the defendant a *pint* of rum.

The defendant's counsel moved the court to instruct the jury, that here was not such evidence of the defendant's residence in Somersworth as would support the allegation in the indictment. The court declined so to instruct the jury, but instructed them that the evidence was competent to support the indictment, and they might find the defendant guilty if they believed it.

The jury returned a general verdict of guilty, and the defendant's counsel moved to set aside the verdict and for a new trial, for the following causes : 1st. Because the court

The State *v.* Moore.

refused to instruct the jury that the evidence of residence was insufficient to support the allegations in the indictment, but instructed them otherwise. 2d. Because the court instructed the jury that upon this evidence they might find the defendant guilty of the offence charged in the first count. 3d. Because the court should have instructed the jury that the license law of 1838 was unconstitutional; and 4th. Because a general verdict of guilty is taken, and the second count in the indictment is vicious and defective.

*N. A. Wells,* for the respondent. The residence of a person is his "dwelling place," where he has his home; and the word is used in that sense in the statutes generally. *Abington* vs. *North Bridgewater,* 23 *Pick.* 170. A person can have only one place of residence or domicil, and that is in the town where he sleeps. 5 *Pick.* 370, *Harvard College* vs. *Gore;* 17 *Pick.* 231, *Lyman* vs. *Fiske; Atherton* vs. *Thornton,* 8 *N. H. Rep.* 178.

*Woodman,* County Solicitor, for the state.

GILCHRIST, J. The act of July 4th, 1838, regulating the sale of wine and spirituous liquors, provides that if any person shall, without license from the selectmen of the place where he resides, sell any wine, &c., he shall suffer a certain penalty. The respondent admits that he had no license from the selectmen of Somersworth, and the first question is, whether upon the evidence he is properly described as of Somersworth.

The respondent lived with his family in Berwick, in Maine, but kept a store in Somersworth, and attended to his business there in business hours. He is described in the indictment as of Somersworth, and the counsel objects, because the court ruled that the evidence of residence was sufficient to support the allegations in the indictment. The authorities on the subject of domicil need not be considered in the present case.

The domicil of a person is that place in which his habitation is fixed, without any present intention of removing therefrom. *Story's Confl. of Laws*, § 43. The domicil, inhabitancy or residence of the respondent may be in Berwick for the purposes of taxation, liability to military duty, and election to office, or for any purpose whatever; and yet it does not follow that his residence may not properly be described as being in Somersworth, in this case. His place of business being in Somersworth, he probably spent one half of his time there, so that for some purposes he might have had two residences. It is sufficient to name the party "late of such a town;" and if he be named of A and late of B, it is sufficient to prove either addition. *Hawk. B.* 2, *ch.* 23, § 119; *The King* vs. *Yandell*, 4 *T. R.* 541. And the place where he is conversant is sufficient, though he be neither commorant nor inhabitant. *Bac. Abr. Misnomer B.* 4. If a defendant be named of B and late of C, there is no need of any capias to the sheriff of the county wherein C lies, because it appears that the defendant is at present conversant at B. *Hawk. B.* 2, *ch.* 27, § 125, 126. If the defendant occasionally live in two places, the addition of either will suffice. *Hawk. B.* 2, *ch.* 23. And if one who had his usual abode at B, and hath been at some time seen at C, be named of C in an appeal, it hath been questioned whether this be such a fault as will abate the writ, because sometimes appellees may not have any known dwelling; but if that happen to be the case, surely it is the safest to reply it, and then there seems to be little doubt but it may make good the naming of the party of any place wherein he has at any time been. And if a place where he dwells and is a housekeeper, and also another place where he keeps his wife and family be well known, it seems that the writ may name him of either of such places, or perhaps of both of them, but is abatable, unless it name him of one of them. *Hawk. B.* 2, *ch.* 23, § 103. The statute of additions, 1 *Hen.* 5, *ch.* 5, requires that the place shall be stated in which the defendant

was conversant, in actions personal, appeals and indictments. This act is a part of our common law, in accordance with the decision in the *State* vs. *Rollins*, 8 *N. H. Rep.* 550, which settles that the body of the common law, and the English statutes in amendment of it, have been continued in force under our constitution, so far as they are not repugnant to that instrument. It has been held in Massachusetts, that in an action of trespass against an officer, a mistake in the addition of place must be pleaded in abatement. *Smith* vs. *Bowker*, 1 *Mass.* 76. In the present case, as the respondent was *conversant*, that is, employed or engaged in Somersworth, which is one of the recognized meanings of the word, and that in which the statute uses it, and resided there for much of the time, we think the objection must be overruled.

The second objection relates to the quantity of the liquor sold. The first count charges a sale of one *pint* of rum. The witness proved a sale of one *quart*, but did not remember that he ever bought a pint of rum. The rule is, that it is not necessary to prove the whole of the property stated, if by the rejection of the part not proved, the offence would be complete. 1 *Ch. Cr. Law* 236. If an indictment charge the stealing of nine books of the value of £9, and one book had been proved to have been stolen, it would have been well enough. Per Lord *Ellenborough. The King* vs. *Johnson*, 3 *M. & S.* 548. If a man be charged with stealing ten sovereigns, he may be convicted of stealing five. *Stark. on Ev.* 1529. If a man be charged with engrossing 1000 quarters, he may be convicted on proof of having engrossed 700 quarters. *Ibid.* 1539. If the indictment be for extorting twenty shillings, it will be sufficient to prove that the defendant extorted one shilling. Per *Holt*, C. J. *Rex* vs. *Burdett*, 1 *Ld. Raym.* 149. These are familiar principles, and they are applicable here. Evidence of the sale of a quart of rum, *a fortiori*, proves that the respondent sold a pint, and whether he sold the one quantity or the other, his offence was complete. In either case, the nature of the act

and the quantum of punishment would be the same, and the second objection must also be overruled.

Why the third exception was taken, we do not understand, unless it were that the court might have an opportunity of re-affirming their former decision upon this point. We have settled upon the maturest deliberation, that the license law of 1838 is constitutional, and we are entirely satisfied of the correctness of that decision. *Pierce* vs. *The State,* 13 *N. H. Rep.* 536.

The fourth exception is because a general verdict of guilty was taken, and the second count is vicious and defective. This count is like the first count, except that it charges a sale of one *quart* of rum without a license in writing. In what the defect consists we have not been informed. The respondent had no license at all, written or verbal, and therefore it is unnecessary to determine whether the license mentioned in the act be or be not a license in writing, although probably a written license was contemplated. The objection is overruled, and there must be

*Judgment on the verdict.*